THE STATE v. THE DUNDEE WATER POWER AND LAND COMPANY.

Submitted July 12, 1904—Decided November 7, 1904.

Under the allegations of this indictment, the defendant is guilty of a misdemeanor in maintaining its dam across the Passaic river.

On motion to quash indictment.

Before Justices DIXON and HENDRICKSON.

For the state, *Eugene Emley,* prosecutor of the pleas.

For the defendant, *Moore & Whitehead.*

In consequence of the illness of Justice Hendrickson he has been prevented from taking part in the decision, and the case is therefore decided on the opinion of

DIXON, J.   The defendant moves to quash an indictment found against it at the September Term, 1903, of the Passaic Oyer.   The principal ground for the motion is that the indictment does not show an indictable offence.

The indictment alleges that the defendant was incorporated by certain acts of the legislature of this state, and by an act passed February 12th, 1858, was empowered to improve the navigation of the Passaic river between the mouth of the Weasel brook and some convenient point in the city of Paterson; that for such purpose the defendant was authorized to construct a dam across the river at or near the mouth of the brook, and a canal to be used in connection therewith, which canal should be at least seventy-five feet wide at the water line and should contain water at least four feet deep, and to provide the same with a towpath, locks, works and other operating devices necessary for improving the navigation of the river, in order that the river and canal should thereafter become and forever remain a public highway for the use of all the people of this state to pass and repass with their boats and other vessels; that under said provisions the defendant, in the year 1859, constructed a dam across the river near the mouth of the brook, and also a canal nearly parallel with the river leading from a point in the westerly line of the river above the dam to a point in the westerly line of the river below the dam, and has continuously from that time kept and maintained said canal and dam.   The indictment further avers that the defendant, disregarding its duty, did not then construct and has not since constructed a canal of

the designated width and depth, or of sufficient width and depth to improve the navigation of the river, nor did it then provide, nor has it since provided, the canal with towpath, locks, works and other operating devices sufficient to make the river and canal navigable for boats and other vessels, by reason whereof the citizens of the state could not pass and repass with their boats and other vessels in and along said river and canal, to the great damage and common nuisance, &c.

The statutes mentioned are private acts and therefore cannot be noticed, save as they are set forth in the indictment. *State v. Haddonfield,* 36 *Vroom* 97; *State v. Middlesex and Somerset Traction Co.,* 38 *Id.* 14.

The allegations of the indictment present a condition showing a continuing public nuisance. The Passaic river, in its natural state, was a public highway at the point in question, and the maintenance of a dam across it must be a public nuisance unless it be authorized by the legislature. The authority given to the defendant for such a structure was conditioned upon the construction of a canal and appurtenances, to be used in connection with the dam, so that through the whole work the navigation of the highway might be improved, and unless the required canal and appurtenances be provided the dam becomes an unauthorized obstruction to navigation and the party maintaining it is maintaining a nuisance.

Although it does not appear that the legislature fixed any period for the completion of the specified work, yet as the scheme was to be an entirety, and the defendant, in the year 1859, constructed a dam and canal under the act of 1858, it should be now assumed that the company has intended no further compliance with the requirements of the act.

The motion to quash the indictment is denied.